**RUSH UNIVERSITY MEDICAL CENTER, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**International Brotherhood of Teamsters Local 743, Intervenor**

**No. 15-1273**

**Consolidated with 15-1303**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed on: December 20, 2017

Kenneth F. Sparks, Esquire, Attorney, Mark Lee Stolzenburg, Esquire, Vedder Price, PC, Chicago, IL, for Petitioner

Linda Dreeben, Deputy Associate General Counsel, Elizabeth Ann Heaney, Esquire, Attorney, Barbara Ann Sheehy, Attorney, John H. Ferguson, Associate General Counsel, National Labor Relations Board, (NLRB) Appellate and Supreme Court Litigation Branch, Washington, DC, Richard F. Griffin, International Union of Operating Engineers, Washington, DC, for Respondent

James B. Coppess, Attorney, AFL-CIO, Office of General Counsel, Washington, DC, Joel Abbott D'Alba, Asher, Gittler, & D'Alba, Ltd., Chicago, IL, for Intervenor for Respondent

Before: Henderson, Tatel, and Kavanaugh, Circuit Judges.

## JUDGMENT

This petition for review and the cross-application for enforcement were considered on the record from the National Labor Relations Board and on the briefs and arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

Last year, this court held that the NLRB's decision in *St. Vincent Charity Medical Center*, 357 N.L.R.B. No. 79 (August 26, 2011), which allowed nonconforming units to expand via an *Armour-Globe* election without becoming a standardized unit, was "fully consistent with" the Board's Health Care Rule. *Rush University Medical Center v. National Labor Relations Board*, 833 F.3d 202, 207 (D.C. Cir. 2016) (internal quotation marks omitted). Now, the same hospital argues that the NLRB did not adequately respond to its argument that this interpretation of the Rule improperly allows unions to hold a series of allegedly disruptive elections. But, as the Regional Director explained in his opinion, the Board does not interpret the Health Care Rule to apply to an *Armour-Globe* election. *See Crittenton Hospital*, 328 N.L.R.B. No. 120, at 880 (June 30, 1999) ("By its own terms, the Rule applies only to initial organizing attempts or, where there are existing nonconforming units, to a petition for a new unit of previously unrepresented employees, which would be an addition to the existing units at the Employer's facility."); *St. Vincent*, 357 N.L.R.B. No. 79, at 855 (explaining that the Health Care Rule was promulgated "to avoid undue proliferation of bargaining units," and that "[a]n Armour-

Globe self-determination election ... undeniably avoids any proliferation of units, much less undue proliferation, because it does not result in the creation of and election in a separate, additional unit"). Having permissibly held that the Health Care Rule is concerned only with disruption caused by unit proliferation, the Board may follow that precedent without elaborate explanation of why some other sort of disruption does not implicate the Rule. *See WLOS TV, Inc. v. Federal Communications Commission*, 932 F.2d 993, 995 (D.C. Cir. 1991) (Where "an agency merely implements prior policy, an explanation that allows this court to discern the agency's path will suffice." (internal quotation marks omitted)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.